**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**Docket No. 3:13-CR-00019-FDW**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **ORDER** |
| | ) | |
| **(1) THEODORE FALLS,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |
| **CASSANDRA LIGON,** | ) | |
| **Petitioner** | ) | |
| | ) | |

**THIS MATTER** is before the Court on the Government's Motion in this ancillary proceeding, following a Preliminary Order of Porfeiture, (Doc. No. 124), to approve a settlement by releasing a house from Government custody and allowing Petitioner Cassandra Ligon six months to attempt to sell the house, subject to certain terms and conditions. (Doc. No. 170).

Based on record and the stipulations of the parties, the Court finds:

1. Defendant Theodore Falls ("Defendant") consented to forfeiture of the property in his plea agreement and pled guilty to Count One of the Indictment herein. Based on Defendant's plea and conviction and the evidence submitted by the Government, the Court entered the Preliminary Order. Forfeiture of the property became final as to Defendant at his sentencing hearing on April 10, 2014. Fed. R. Crim. P. 32.2(b)(4)(A).

2. Petitioner filed a timely *pro se* petition asserting an interest in the property. (Doc. No. 126). Subsequently, with the Government's consent and the Court's approval of an extension to correct the petition, Petitioner obtained counsel and signed a Stipulation and Consent to

Settlement Order (the "Stipulation"), submitted with the Government's Motion, which the Court will deem to constitute a timely-filed amended petition. The Court has jurisdiction over the property for purposes of forfeiture herein.

3. Title to the property was held in the name of Mary B. Falls., as shown by Exhibits A and B to the Stipulation. Mary B. Falls died on November 17, 2013, without a will, and left four surviving children, who are Petitioner, defendants Theodore Falls and Aaron Ligon, and Marshall Ligon. Aaron Ligon and Marshall Ligon have assigned or conveyed any interest they may have in the property to Petitioner. The parties have agreed that no one shall be allowed to live in the house during the time allowed for sale.

4. The United States and Petitioner have agreed to a settlement regarding forfeiture and the interests asserted by Petitioner and others, as follows:

(a) Petitioner will undertake to sell the property on behalf of the heirs of Mary B. Falls, for a period not to exceed six months from the date of an order approving this settlement. Before Petitioner's final execution of a contract for sale, the Government shall have the right to approve the terms and conditions of the contract, including the sale price and the buyer. The property shall not be sold to any member of Petitioner's family or to any person who has been or is now involved in criminal activity in the vicinity of the property, as determined by the Government.

(b) If a contract for sale is approved by the Government and executed, effective upon closing in accordance with the contract, forfeiture as provided in the preliminary order will be dismissed with prejudice. At or immediately after closing, the closing attorney will be authorized to record the order of dismissal and/or a release of lis pendens, which will be provided by the Government.

(c) The net proceeds payable to the seller at closing shall be disbursed to the heirs of Mary B. Falls, and/or their assignees, as their interests may appear. The Government hereby releases any forfeiture interest in those funds.

(d) If no contract for sale in accordance with this settlement is approved and signed within six months, the petition, including any and all interests of Defendant Aaron Ligon and Marshall Ligon which have been assigned or conveyed to Petitioner, shall be dismissed and a final order of forfeiture shall be entered. At any time, if requested to do so by the government, Petitioner, Aaron Ligon, and Marshall Ligon agree to execute quitclaim deeds for the property to the government, which will be recorded only if no contract for sale is obtained and there is no closing as provided herein.

(e) Petitioner hereby releases and forever discharges the United States, its agents, servants and employees, its successors or assigns, and all state or local governmental entities or law enforcement agencies in North Carolina and their agents, servants and employees, their heirs, successors, or assigns, from any and all actions, causes of action, suits, proceedings, debts, dues, contracts, judgments, damages, claims, and/or demands whatsoever in law or equity which petitioner or her heirs, successors, or assigns ever had, now have, or may have in the future in connection with this investigation, prosecution, and forfeiture.

IT IS THEREFORE ORDERED:

1. The terms and conditions of the settlement of the parties are approved and incorporated herein.

2. The property is hereby released from the custody of the Government under the Preliminary Order.

3. The parties shall proceed with settlement as provided above.

4. Upon the sale of the property in accordance with the settlement, the Government's forfeiture claim shall be dismissed with prejudice.

5. If the property is not sold within six months from the date of this order, the Petition will be dismissed with prejudice, and Court will enter a final order of forfeiture herein, subject to any remaining interest of Petitioner MidFirst Bank under its deed of trust.

6. Each party shall bear its own costs herein, including attorney fees.

IT IS SO ORDERED.

Signed: May 9, 2014

Frank D. Whitney
Chief United States District Judge